
FILED

DEC - 4 2017

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

|  |  |
|---|---|
| In re | Case No. 16-22163-A-7 |
| SYLVIA MAE KINERSON, | |
| Debtor. | |
| MICHAEL D. MCGRANAHAN,<br>Chapter 7 Trustee, | Adv. No. 16-02160 |
| Plaintiff, | |
| vs. | |
| SYLVIA MAE KINERSON, | |
| Defendants. | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Plaintiff Michael D. McGranahan is the chapter 7 trustee in the bankruptcy case filed by debtor and defendant Sylvia Mae Kinerson.  He asks that defendant Kinerson's chapter 7 discharge

1  be denied on the ground, among others, that she concealed, and

2  made a false oath in the bankruptcy case concerning, a transfer

3  of an interest in real property to her son, Stanley G.

4  Laffranchini.

5       This action was consolidated for a court trial September 6

6  and 7, 2017 with a second adversary proceeding, Case No. 16-2134,

7  in which the plaintiff seeks to avoid the transfer to defendant

8  Kinerson's son.

9       This court has jurisdiction over this adversary proceeding

10 pursuant to 28 U.S.C. §§ 151, 157, and 1334.  This is a core

11 proceeding within the meaning of 28 U.S.C. § 157(B)(2)(J), in

12 which the court has the constitutional power to enter a final

13 judgment.

14

15                      Findings of Fact

16      1.   The subject property is located at 955 Ebbetts Avenue,

17 Manteca, California and is described as "Lot sixty-three (63), as

18 shown upon Map entitled, TRACT No. 1128, SEQUOIA HOMESITES, UNIT

19 No. 4, filed for record January 28, 1976, in Vol. 21 of Maps and

20 Plats, Page 59, San Joaquin County Records" (hereafter, "the

21 property" or "subject property").  Defendant Kinerson purchased

22 it in 1977.

23      2.   Defendant Kinerson married Lawrence Kinerson in 1990.

24      3.   Mick Kinerson is the only child of Lawrence.  Stanley

25 Laffranchini is the only child of defendant Kinerson.

26      4.   On September 5, 2000, defendant Kinerson signed a grant

27 deed transferring an undivided one-half interest in the subject

28 property to Stanley Laffranchini.  This grant deed was recorded

on September 11, 2000.  As a result of this transfer, defendant
Kinerson and Stanley Laffranchini each owned a 50% undivided
interest in the subject property as joint tenants.  The plaintiff
does not seek to avoid this transfer.

5.    In connection with the 2000 transfer, on September 5,
2000 defendant Kinerson signed a Preliminary Change of Ownership
Report indicating that the transfer was between a parent and
child.  In addition, both defendant Kinerson and Stanley
Laffranchini signed and filed with the San Joaquin County
Assessor a Claim for Reassessment Exclusion for Transfer Between
Parent and Child.  This document, signed under penalty of
perjury, confirmed that defendant Kinerson transferred a 50%
interest in the subject property to Stanley Laffranchini.

6.    In 2003, defendant Kinerson and Stanley Laffranchini
established a $183,254 line of credit with Washington Mutual Bank
using the subject property as collateral.  In the deed of trust
for this loan, recorded on November 12, 2003, defendant Kinerson
and Stanley Laffranchini represented that they were the co-owners
of the subject property.

7.    Defendant Kinerson and Lawrence Kinerson filed joint
federal tax returns for the years 2007 and 2008 wherein they
reported rental income and expenses for the subject property.

8.    Defendant Kinerson admitted at trial that she collected
rent for the subject property after granting her son an interest
in it.

9.    In 2010, Stanley Laffranchini filed a declaration in
his divorce action stating under penalty of perjury that he and
defendant Kinerson each were entitled to one-half of the rents

3

1 │ from the property.

2 │     10.  The foregoing clearly indicates that defendant Kinerson

3 │ continued to own an undivided 50% interest in the subject

4 │ property after the 2000 conveyance.  As a result of this

5 │ transfer, the defendants became co-owners of the property.

6 │     11.  The court does not believe the testimony of defendant

7 │ Kinerson and Stanley Laffranchini to the effect that the 2000

8 │ grant deed transferred or was intended to transfer a 100%

9 │ interest to Stanley Laffranchini in exchange for his payment of

10 │ $75,000.00 to defendant Kinerson, together with his agreement to

11 │ shoulder the responsibility for repaying a $20,000 encumbrance on

12 │ the property.  This consideration, totaling approximately

13 │ $95,000, was given for a 50% interest only.  And, the assertion

14 │ that defendant Kinerson transferred a 100% is flatly contradicted

15 │ by the defendants' representations to the assessor and their

16 │ division of the rents derived from the property.

17 │     12.  Further, while no party introduced evidence of the

18 │ market value of the property at the time of the 2000 transfer,

19 │ the court notes that the $183,254 line of credit obtained by both

20 │ defendants in 2003 strongly suggests that the $95,000 in

21 │ consideration given by Stanley Laffranchini was for one-half of

22 │ defendant Kinerson's interest in the property.

23 │     13.  Lawrence Kinerson died on November 7, 2009.

24 │ Approximately two months before he died, Lawrence Kinerson filed

25 │ a petition to dissolve his marriage with defendant Kinerson.

26 │ However, no divorce was granted prior to his death.

27 │     14.  Lawrence Kinserson died intestate.  Over defendant

28 │ Kinerson's objection, Mick Kinerson was appointed personal

representative of the probate estate (the "administrator") by the Merced County Superior Court.

15.   Defendant Kinerson filed a spousal property petition in the Merced County Superior Court.

16.   The administrator filed a petition under Cal. Probate Code § 850 to confirm assets of the probate estate.   Defendant Kinerson's spousal property petition was consolidated for trial with the administrator's petition.   Cyril Lawrence, attorney at law, represented defendant Kinerson.

17.   Defendant Kinerson and the administrator were locked in litigation for approximately three years.   After a six-day court trial conducted in November and December 2013, on July 10, 2014, the Merced County Superior Court entered a judgment largely in the administrator's favor.

18.   Therefore, the Merced County Superior Court awarded the administrator his reasonable attorney's fees and costs pursuant to Probate Code § 859 and Welfare and Institutions Code § 15657.5 based upon the court's finding that "Sylvia [Kinerson] and/or her son [Stanley Laffranchini] unabashedly testified at trial about financial schemes involving unrecorded cash transactions, manipulation of multiple bank accounts, shifting of assets and potential money laundering, tax evasion, perjury, and conspiracy to hide marital assets in dissolution proceedings."

19.   On July 11, 2014, the administrator filed a Memorandum of Costs in the probate case.

20.   Over defendant Kinerson's objection, the administrator was awarded costs of $11,278.20.   These costs remain unpaid.

21.   As of July 8, 2014, the administrator had incurred

attorney's fees in excess of $400,000. However, the probate
court has not yet determined whether defendant Kinerson must pay
any of these fees. This determination will be made by the
probate court if defendant Kinerson's bankruptcy discharge is
denied.

22. On July 28, 2014, defendant Kinerson executed and
recorded a second grant deed which conveyed her remaining
undivided 50% interest in the property to Stanley Laffranchini.

23. On September 9, 2014 and October 20, 2014, defendant
Kinerson and Stanley Laffranchini, respectively, signed a Claim
for Reassessment Exclusion for Transfer Between Parent and Child.
This document confirmed that, prior to the 2014 grant deed, the
property had been owned in joint tenancy by defendant Kinerson
and Stanley Laffranchini.

24. In connection with the 2014 grant deed, defendant
Kinerson signed an Affidavit of Exemption from Documentary
Transfer Tax wherein she confirmed under penalty of perjury that
the transfer to Stanley Laffranchini was a gift for which no
consideration was paid.

25. Defendant Kinerson admitted at trial that at the time
she signed the 2014 grant deed she was unable to pay any judgment
in favor of the administrator, whether it was for $100 or
$11,278.20.

26. The probate judgment was served on Cyril Lawrence on
July 10, 2014. Mr. Lawrence testified that it is his standard
practice to promptly mail judgments and other orders to his
clients upon his receipt of same. Mr. Lawrence further testified
that he mailed the judgment to defendant Kinerson and that he met

with her to discuss it.

27. Defendant Kinerson knew of the judgment when she executed the second grant deed on July 28, 2014.

28. Mr. Lawrence is a creditor of defendant Kinerson. His fees were in arrears when the second grant deed was given to Stanley Laffranchini. As of that date, he was owed more than $40,000.

29. Defendant Kinerson appealed the July 10, 2014 judgment. However, on February 22, 2016, the California Court of Appeal affirmed the judgment and the award of costs to the administrator.

30. This rather antiseptic recitation of the facts does not convey the deep animosity between the administrator and defendant Kinerson. Hard feelings abound and it is clear that defendant Kinerson executed and recorded the 2014 grant deed for the express purpose of preventing the administrator from collecting a judgment, whether it was for only the costs or for the costs plus his attorney's fees.

31. Defendant Kinerson filed her bankruptcy petition on April 6, 2016, which was within two years of the execution, delivery, and recording of the 2014 grant deed.

32. In her response to question 18 of the Statement of Financial Affairs, filed on April 6, 2016, defendant Kinerson indicated that she had not transferred any real property during two years prior to her bankruptcy petition. She signed the Statement of Financial Affairs under penalty of perjury.

33. At the May 3, 2016 meeting of creditors, the administrator questioned defendant Kinerson about the 2014 grant

1  deed.  This was when the plaintiff discovered the 2014 transfer

2  to Stanley Laffranchini.  At this meeting of creditors, the

3  plaintiff instructed defendant Kinerson to file an amended

4  Statement of Financial Affairs to disclose the transfer.

5       34.  On June 2, 2016, defendant Kinerson filed an amended

6  Statement of Financial Affairs.  Once again she responded under

7  penalty of perjury that no transfer had been made within two

8  years of bankruptcy.  However, she qualified her denial by

9  admitting a July 28, 2014 grant deed had been given to Stanley

10 Laffranchini but claiming that it "solemnized" an earlier

11 transfer on September 11, 2000 of her entire interest in the

12 property.  As explained above, the earlier transfer actually

13 transferred, and was intended to transfer, only a 50% interest in

14 the property to Stanley Laffranchini.  Defendant Kinerson's

15 response to question 18 in the amended Statement of Financial

16 Affairs was false and was intended to discourage the plaintiff

17 from avoiding the 2014 transfer.

18      35.  In her amended Statement of Financial Affairs filed on

19 June 2, 2016, defendant Kinerson also falsely stated under oath

20 that she had used the proceeds from the sale of an annuity to pay

21 a retainer to her state court attorney, Cyril Lawrence, for legal

22 representation in possible bankruptcy litigation.  Mr. Lawrence

23 testified that defendant Kinerson had not paid his such a

24 retainer.  The court finds that defendant Kinerson made this

25 false statement under oath to avoid turing over these funds to

26 the plaintiff.

27      36.  To the extent any of the conclusions of law below are

28 findings of fact, they are incorporated by reference as findings

8

1  of fact.

2

3                    Conclusions of Law

4      37.   To the extent any of the foregoing findings of fact are

5  conclusions of law, they are incorporated by reference as

6  conclusions of law.

7      38.   The plaintiff, as the bankruptcy trustee, has standing

8  to object to the defendant's discharge.   See 11 U.S.C. §§

9  704(a)(6) and 727(c)(1).

10     39.   The 2014 grant deed transferred defendant Kinerson's

11 remaining undivided 50% legal and beneficial interest in the

12 subject property to Stanley Laffranchini.   This was a transfer

13 within the meaning of 11 U.S.C. § 101(54)(D)(i) and (ii).   Until

14 that transfer, defendant Kinerson was the owner of a 50%

15 undivided interest in the property.

16     40.   Both defendant Kinerson and Stanley Laffranchini

17 attempted to argue at trial that Stanley Laffranchini became the

18 owner of 100% of the subject property as a result of the 2000

19 transfer.   The court concludes otherwise.   The 2000 transfer gave

20 Stanley Laffranchini only a 50% interest in the property.   He

21 acquired the other 50% interest from his mother, defendant

22 Kinerson, as a result of the 2014 transfer.

23     41.   "The owner of the legal title to property is presumed

24 to be the owner of the full beneficial title.   This presumption

25 may be rebutted only by clear and convincing evidence."   See Cal.

26 Evid. Code § 662,   At trial, defendant Kinerson failed to

27 present clear and convincing evidence that the 2000 grant deed

28 transferred a 100%, not a 50%, interest to Stanley Laffranchini.

                              9

42.  It is unnecessary, however, to rely only on the failure of defendant Kinerson to rebut this presumption.  The circumstances clearly demonstrate that defendant Kinerson retained a 50% interest after the 2000 grant deed and gave it up only by executing the 2014 grant deed.  See Findings of Fact, ¶¶ 4 through 12, above.

43.  Pursuant to 11 U.S.C. § 727(a)(2)(A), the court must grant the debtor a discharge, unless "(2) the debtor with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed – (A) property of the debtor, within one year before the date of the filing of the petition."

44.  Here, defendant Kinerson transferred her remaining 50% interest in the property when she gave Stanley Laffranchini the 2014 grant deed more than one year before she filed her bankruptcy case.  Accordingly, defendant Kinerson did not conceal an interest in the property from the bankruptcy trustee or a creditor during the year before her bankruptcy case was filed.

45.  Pursuant to 11 U.S.C. § 727(a)(2)(B), the court shall grant the debtor a discharge, unless "(2) the debtor with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed – (B) property of the estate, after the date of the filing of the petition."

46.  Here, defendant Kinerson transferred her remaining 50% interest in the property when she gave Stanley Laffranchini the 2014 grant deed more than one year before she filed her bankruptcy case.  Accordingly, defendant Kinerson did not conceal an interest in the property after the bankruptcy petition was filed.

13.  Pursuant to 11 U.S.C. § 727(a)(4)(A) the court shall grant the debtor a discharge unless the debtor knowingly and fraudulently, in or connection with the case, made a false oath or account.

47.  Here, defendant Kinerson, in connection with her chapter 7 bankruptcy case, knowingly and fraudulently made a false oath in her response to question 18 of the Statement of Financial Affairs filed on April 6, 2016, wherein she indicated that she had not transferred any real property during the two years before filing her bankruptcy petition.  Defendant Kinerson signed the Statement of Financial Affairs under penalty of perjury.  Defendant Kinerson knowingly and fraudulently made this false oath to hinder, delay, or defraud her creditors and the plaintiff.

48.  On June 2, 2016, defendant Kinerson filed an amended Statement of Financial Affairs.  Once again she responded under penalty of perjury that no transfer had been made within two years of bankruptcy.  However, she qualified her denial by admitting that a July 28, 2014 grant deed had been given to Stanley Laffranchini but claiming that it "solemnized" an earlier transfer on September 11, 2000 of her entire interest in the property.  As explained above, the earlier transfer actually

transferred, and was intended to transfer, only a 50% interest in the property to Stanley Laffranchini.  Defendant Kinerson's response to question 18 in the amended Statement of Financial Affairs was knowingly false and was intended to hinder any attempt by the plaintiff to avoid the 2014 transfer.

49.  In her amended Statement of Financial Affairs filed on June 2, 2016, defendant Kinerson falsely stated under oath that she had used the proceeds from the sale of an annuity to pay a retainer to her state court attorney, Cyril Lawrence, for legal representation in possible bankruptcy litigation.  Mr. Lawrence testified that defendant Kinerson had not paid such a retainer. The court concludes that defendant Kinerson knowing and fraudulently made this false statement under oath to avoid turning over these funds to the plaintiff.

50.  The plaintiff did not present any evidence concerning the fourth claim for relief under 11 U.S.C. § 727(a)(5).  There is no cause, therefore, to deny defendant Kinerson's discharge pursuant to section 727(a)(5).

Accordingly, the court will enter a separate judgment finding in favor of the plaintiff on the third claim for relief pursuant to 11 U.S.C. § 727(a)(4)(A).  The plaintiff is entitled to no relief pursuant to the first, second, and fourth claims for relief.

Because the defendant's discharge will be denied, the plaintiff is the prevailing party and shall recover costs, other than attorney's fees, from defendant Kinerson pursuant to Fed. R. Civ. P. 54(d)(1) as incorporated by Fed. R. Bankr. P. 7054.

1       Counsel for the plaintiff shall lodge a conforming judgment.

2  Dated: 4 Dec 2017                    By the Court

3

4                                _____

5                             Michael S. McManus
                               United States Bankruptcy Judge

## Instructions to Clerk of Court
### Service List – Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC.

Michael D. McGranahan
PO Box 5018
Modesto CA 95352

Sylvia Mae Kinerson
955 Ebbetts Ave.
Manteca CA 95337

Anthony D. Johnston
1600 G Street. Suite103
Modesto CA 95354